IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,219-01






EX PARTE ANTONIO MARKEITH O'NEAL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 59CR1100 IN THE 6TH JUDICIAL DISTRICT COURT


FROM RED RIVER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of no contest
to aggravated robbery, and was sentenced to ninety-nine years' imprisonment. His direct appeal was
dismissed for want of jurisdiction.

 Applicant contended, inter alia, that he was denied his right to appeal because appellate
counsel failed to timely file notice of appeal. On September 14, 2011, this Court remanded to the
trial court to obtain affidavits and findings of fact addressing Applicant's ineffective assistance of
trial and appellate counsel claims. On remand, the trial court obtained an affidavit from Applicant's
trial counsel, and made findings of fact addressing the ineffective assistance of trial counsel claims. 
However, the trial court did not obtain an affidavit or make findings addressing Applicant's claim
that he was denied the opportunity to appeal because appellate counsel did not timely file notice of
appeal. 

 The trial court shall obtain an affidavit from Applicant's appellate counsel responding to
Applicant's claims of ineffective assistance of counsel and denial of appeal. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to why notice of appeal was not timely filed in
this case. The trial court shall also make findings as to why appellate counsel did not file a proper
motion for an extension of time to file notice of appeal. The trial court shall make findings as to
whether the performance of Applicant's appellate attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcript of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 29, 2012

Do not publish